ISAÍAS LOZADA ET AL., Plaintiffs and Appellants, *v.* ANTONIO ROIG, SUCESORES, Defendant and Appellee.

No. 10602.   Argued March 3, 1952.—Decided March 26, 1952.

*Víctor M. Bosch* and *Carlos Carrera Benítez* for appellants. *J. López Baralt* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Relying on the provisions of Act No. 10 of November 14, 1917 (Vol. II, Sess. Laws, p. 216), as amended, over one hundred workmen sued Antonio Roig, Sucesores, for unpaid wages in the District Court of Puerto Rico, Humacao Section. In the first cause of action of the complaint they alleged having worked in different occupations in defendant's factory, during the 1948, 1949 and 1950 grinding seasons,

an average of 48 hours per week, without receiving compensation at a rate one and one half times the minimum rate applicable, for the hours worked in excess of the minimum 40 working hours established by law. And in the second, that the defendant employed the plaintiffs in different occupations from the date Mandatory Decree No. 3 of the Minimum Wage Board went into effect (April 28, 1943) until the 1950 grinding season, for more than eight hours in different 24-hour periods, failing to pay them for the hours worked in excess of eight at twice the minimum rate, in accordance with § B (2) (a) of said Decree.

After several incidents, which for the purposes of this opinion may be dispensed with, the parties subscribed and filed a "Stipulation Praying for Judgment" which in substance recites:

"1. On May 8, 1951, this Honorable Court rendered summary judgment dismissing the first cause of action contained in the complaint.

"2. On July —— 1951, petitioners desisted, with prejudice, from the claims contained in the second cause of action corresponding to the years 1943, 1944, 1945, 1946 and 1947.

"3. The parties pray for judgment in favor of the petitioners who appear on the list attached to this stipulation,[1] in the amounts following the name of each petitioner, which add up to a total sum of $225.44, all this as to the claim corresponding to 1948, and that an additional civil penalty in the same amount of $225.44 be added and distributed among the aforesaid petitioners in accordance with law; and that any other claim for 1948 which does not appear on the list or exhibit referred to, be dismissed.

"4. The plaintiffs desist, with prejudice, from the claims corresponding to the years 1949 and 1950, inasmuch as the defendant has paid in connection with said seasons the change of shift at double rate.

"5. The parties make it clear that this stipulation is in no way or manner a compromise of the claims, but rather repre-

---

[1] The list contains the names of 13 workmen.

sents an agreement as to the full payment to which petitioners are entitled.

"6. And the petitioners finally pray for attorney's fees, pursuant to the provisions of § 25 of the Minimum Wage Act in force, in an amount not less than $50 for each petitioner whose claim was sustained; the defendant maintaining that the petitioners are not entitled to the fees as requested; and both parties in common praying for a 15–day period to file briefs with regard to the fees.

"7. The parties pray that the judgment to be rendered on the basis of this stipulation be considered final and unappealable, because they waive their right to appeal therefrom, except as regards the pronouncement concerning attorney's fees from which the parties are at liberty to appeal; and they pray that the judgment be regarded res judicata as if entered after hearing the case on its merits."

In accordance with the stipulation, on August 28, 1951, the lower court entered judgment granting the complaint as to the 13 petitioners and setting forth in the last paragraph thereof as follows:

"With respect to attorney's fees the Court deems that it can not construe § 25 of the Minimum Wage Act No. 8 of April 5, 1941, in the sense that for each workman in whose favor judgment is rendered herein a minimum amount of $50 must be fixed as attorney's fees inasmuch as if this were done said fees would be altogether unreasonable, and fixes the amount of $150 as a reasonable sum which must be paid by the defendant."

Feeling aggrieved, the plaintiffs appealed "as to the pronouncement regarding attorney's fees." To support their appeal they claim that the lower court erred "in not ordering the defendant to pay to each petitioner whose claim had been sustained an amount not less than $50 as attorney's fees." In discussing this assignment they insist that a mere reading of § 25 of Act No. 8 of April 5, 1941 (Sess. Laws, p. 302), clearly suggests, because its clear and pure language so discloses, that each workman or employee shall be entitled to receive: (1) the unpaid difference up to the total amount

of compensation to which he is entitled; (2) an equal amount as an additional penalty and (3) attorney's fees in the proceeding "to be a reasonable amount in no case less than fifty (50) dollars." We are concerned only with proposition No. 3 above listed. Let us see:

■■ Section 25 of Act No. 8 of 1941, as amended by Act No. 451 of May 14, 1947 (Sess. Laws, pp. 950, 968), essentially provides:

"Every laborer or employee who receives for his work a compensation different from or lower than that fixed for any industry, business, or occupation, *in accordance with this Act or any decree, regulation, resolution, or order of the board,* shall be entitled to recover through a civil action the unpaid difference up to the total amount of the compensation to which he is entitled, plus an amount equal to the unpaid amount, as an additional penalty, besides the costs, expenses, *and attorney's fees in the proceeding, said fees to be a reasonable amount in no case less than fifty (50) dollars,* all this irrespective of any agreement to the contrary.

"The claims which several or all the workers or employees may have against a common employer for work done in the same establishment, enterprise, or place, may be joined in a single action. . . ." (Italics ours.)

Instead of filing separate complaints petitioners herein availed themselves of the provisions of the second paragraph of § 25, *supra,* and joined in a single action their several claims against the defendant. This does not mean, however, that upon their collective complaint being granted, attorney's fees must be individually awarded to each of them in a reasonable amount in no case less than $50. Such a thing would seem illogical and contrary to the purpose which inspired the Legislature when permitting workmen to file a joint claim. By joining their respective claims they avoid multiplicity of hearings and the resulting delays and obtain a final decision with greater celerity. Since in this manner there is only one proceeding, the logical thing is to award in favor of all prevailing workmen attorney's fees in a lump

sum which may be proportionately distributed among all of them. We say this because, as is well known, attorney's fees belong to the prevailing party and not to the attorney representing it. *Canals* v. *Great American Indemnity Co.*, 56 P.R.R. 435; *García* v. *Aguayo*, 46 P.R.R. 329; *A. Méndez & Bro.* v. *Chavier*, 39 P.R.R. 661; *Casals* v. *Rosario*, 34 P.R.R. 73.

■■ To authorize in cases like this, which involves a large number of petitioners, that judgment be entered granting to each of them a minimum amount of $50 as attorney's fees would frequently lead to an unreasonable and absurd result. Courts must avoid such results. *Orta* v. *Registrar*, 60 P.R.R. 768, 773; *Serra, Garabís & Co., Inc.* v. *Municipality*, 42 P.R.R. 452, 463; *Celis Alquier* v. *Méndez*, 18 P.R.R. 86. In the case at bar, for example, if such a thing were authorized, the minimum amount to be granted as attorney's fees to the 13 workmen would be $650. However, the unpaid difference ($225.44) plus a sum equal to the unpaid amount, according to the judgment rendered, only amounts to $450.88. Therefore, if plaintiffs' contention were to prevail they would be awarded attorney's fees in a sum larger than the total amount awarded them. On the other hand, if instead of rendering judgment only in favor of 13 workmen, the one hundred and odd workers who originally sued had prevailed, the result would then be really illogical. It seems to us indeed that the Legislature's intent was that when several workmen joined their claims in cases of this nature, the sum to be granted as attorney's fees be for the proceeding brought and not for the individual right of each of them. Moreover, we think that the amount granted in this connection is reasonable. The conclusion of the court *a quo* was, therefore, according to law.

Section 2 of Act No. 402 of May 12, 1950 (Sess. Laws, p. 954), prescribing that: "In every case filed in the courts of Puerto Rico by a workman or an employee in which any

right or sum of money is claimed for services rendered to the employer of said workmen or employees, and in which the claim is granted wholly or in part, the attorney's fees shall be levied on the employer if the attorney is not one of the attorneys of the Department of Labor. . . ." [2] leaves undisturbed our foregoing conclusion.

The judgment appealed from will be affirmed.

---

[2] The attorneys who represented the workmen were not officials of the Department of Labor.